■ JEAN E. GARRISON, Appellant, v. ELIZABETH M. GARRISON, Individually and as Executrix of ROY A. GARRISON, Deceased, Respondent.— Judgment reversed, on the law and facts, and judgment directed for plaintiff. (*Garrison* v. *Garrison*, 1 A D 2d 294.) Settle order on notice. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur. [See *post*, p. ——.]

■ HAROLD J. VAN AMBURGH, Respondent, v. JOHN J. GLAVIN, Appellant. RUTH VAN AMBURGH, Respondent, v. JOHN J. GLAVIN, Appellant.— Appeal by the defendant from an order of the County Court of Albany County entered May 9, 1955, which affirmed a judgment in favor of plaintiffs against defendant rendered in the City Court of the City of Albany. Plaintiffs in this consolidated action entered into a written contract with Ernest Miller and Hazel Miller, his wife, for the purchase by plaintiffs of certain real property owned by the Millers as tenants by the entirety. The contract provided for the payment of $500 "in escrow" to the defendant as attorney for the sellers. Concededly the $500 was paid to defendant. Thereafter, by mutual consent, the contract was cancelled. Defendant was directed by Ernest Miller in his lifetime and by Hazel Miller, even upon the trial in City Court, to return the deposit to plaintiffs. Plaintiffs have demanded the return of the deposit and bring this action to recover it. Defendant concedes that he has the money and that he has no title thereto, but declines to return it to the plaintiffs. It is defendant's contention that he is acting for a disclosed principal and that plaintiffs must sue the Millers, and rather vaguely suggests that perhaps there are "certain equities" and that he might be liable to someone else if he returned the money to plaintiffs. Defendant has made no move to bring in any additional parties. He offered no evidence at the trial. While from a wholly technical view defendant may not be an escrow agent, the record clearly shows that he is holding money to which he asserts no title when all of the parties to the agreement under which it was deposited have sought and authorized its return to plaintiffs. Order of the County Court and the judgment of the City Court unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.